UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD M. BURKE,<br>PETER J. ANDREWS, and<br>CHARLES CUI | No. 19 CR 322<br><br>Judge Robert M. Dow, Jr. |

## JOINT STATUS REPORT

The parties hereby respectfully submit the following joint status report:

**1.     The Government's Production**

The government takes the position that its Rule 16 production is complete. As indicated below, defense counsel's review of discovery tendered to date is ongoing. As such, defense counsel take no position regarding whether Rule 16 discovery has been completed.

With regard to the quantity of discovery received by defense counsel, the government's most recent discovery production occurred on or about November 5, 2019. The material produced since the commencement of the case is voluminous (more than 100 discs, more than 44,000 pages, a variety of additional electronic discovery, and several boxes of hard copy material) and in addition to Rule 16 material, includes the production of certain Jencks Act and *Giglio* material.

The government has agreed to produce additional *Giglio* material six months prior to trial, and to the extent the government obtains *Giglio* material less than six

months prior to trial, the government will provide that information promptly upon receipt. Defense counsel take the position that the government's proposal to produce *Giglio* material six months prior to trial is insufficient and believe earlier production is appropriate under the circumstances here. It is defense counsels' understanding from conversations with the government that the additional *Giglio* material the government intends to produce is vast, and is made up in large part of recorded conversations. Defense counsel can provide further details in Court, if the Court requires, regarding the anticipated volume and nature of this additional discovery. In light of the time that will undoubtedly be required to review this discovery, however, and the still-to-be-determined date of its production, counsel cannot yet tell the Court when their review of discovery will be completed.

**2. Discovery Review Status by Defendant**

As set forth below, all defense counsel are working diligently to review discovery with their clients, but have not yet completed their review of discovery.

<u>Alderman Edward M. Burke</u>

Since January 2019, the government has made thirteen productions comprised of documents collected from various City Departments, subpoenaed from third parties, and seized from the 14th Ward Office and Committee on Finance. The productions also comprise voluminous recordings. We are prepared to provide additional detail at the Court's request.

Counsel for Alderman Burke has been diligently reviewing the produced materials, and Alderman Burke has also reviewed a selection of produced material.

However, due to the sheer volume of the produced materials, including the recorded material, Counsel and Alderman Burke's review is ongoing.

### Charles Cui

Counsel for Mr. Cui has been reviewing the produced materials, and this review remains ongoing. In addition, Mr. Cui has also reviewed a selection of produced material. Counsel for Mr. Cui understands that additional materials are forthcoming from the government. Given the voluminous nature of the produced discovery, as well as the expected additional discovery, counsel for Mr. Cui believe that additional time to complete review of all of the discovery will be necessary.

### Peter Andrews

Counsel for Mr. Andrews and Mr. Andrews have substantially completed their review of discovery as it relates to Mr. Andrews, although they are still in the process of reviewing the voluminous recorded conversations that have been provided. As indicated above, counsel for Mr. Andrews understand that there is additional 3500 and/or *Giglio* material that is forthcoming. In light of the extensive nature of the expected additional discovery, as well as the still to be reviewed recordings already provided, counsel for Mr. Andrews believe that significant additional time to complete review of all of the discovery will be necessary.

### 3. Pretrial Motions

Counsel for Alderman Burke, Mr. Andrews, and Mr. Cui do respectively intend to file pretrial motions. Defense counsel jointly request that defendants' pretrial motions and supporting memoranda be due on June 4, 2020, and the government has

3

no objection to this request. The parties request that the Court schedule a status hearing on or about June 11, 2020 to set a schedule for the government's response and the defendants' replies.

### 4.     February 4, 2020 Status Hearing

The Court scheduled a status hearing for February 4, 2020, at 9:15 a.m. Docket No. 68. The government's position is that it is appropriate to maintain this status date, at which time the government intends to ask the Court to schedule a trial date in early 2021.

Dated: January 30, 2020

                        Respectfully submitted.

                        JOHN R. LAUSCH, JR.
                        United States Attorney

By:   /s/ Amarjeet Bhachu
       AMARJEET BHACHU
       SARAH STREICKER
       Assistant United States Attorneys
       219 South Dearborn Street
       Fifth Floor
       Chicago, Illinois 60604
       (312) 353-5300