## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

Case No. 19-CR-322

v.

EDWARD M. BURKE,
PETER J. ANDREWS, and
CHARLES CUI

Hon. Virginia M. Kendall

United States District Court Judge

## DEFENDANT CHARLES CUI'S CONSOLIDATED MOTIONS *IN LIMINE* AND MOTIONS FOR LIMITING INSTRUCTIONS

Defendant Charles Cui, through his undersigned counsel, respectfully requests that the Court enter an order precluding evidence or argument, or in the alternative, any other appropriate relief including limiting instructions, concerning the following at trial:

1. Any evidence or argument regarding photograph(s) of the pole sign at 4901 W. Irving Park Road submitted to the City of Chicago by Mr. Cui's zoning attorney that the Department of Buildings suggested was not an accurate reflection of the pole sign;

2. Any evidence or argument regarding co-conspirator statements that involve or otherwise implicate Mr. Cui or that the government argues are admissible as to Mr. Cui, and any allegation or argument that Mr. Cui participated in any conspiracy; and

3. Any evidence or argument regarding civil lawsuits involving Mr. Cui that are unrelated to the allegations in this case.

Mr. Cui also seeks an order from this Court regarding the issuance of limiting instructions for certain categories of evidence or testimony, which this Court may decide to admit as to Mr. Cui's co-defendants, but which would be inadmissible and irrelevant for the jury to use in determining Mr. Cui's guilt. In denying Mr. Cui's motion for severance, the Court previously

indicated that such limiting instructions would be necessary to cure the prejudice that would result to Mr. Cui from being tried alongside his co-defendants.[1]  *See* Dkt. No. 196 (J. Dow) at 180-82. Specifically, Mr. Cui requests limiting instructions be issued if and when the following categories of evidence and/or testimony are admitted:[2]

1. Rule 802(d)(2)(E) co-conspirator statements between Mr. Burke and Mr. Andrews that the government has sought to admit through a *Santiago* proffer (Dkt. No. 225); and

2. Rule 404(b) evidence of alleged prior acts by Mr. Burke (Dkt. No. 224).

## LEGAL STANDARD

Evidence is relevant only if it has the tendency to make the existence of any fact that is of consequence to the determination of the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Relevancy is a threshold inquiry," and irrelevant evidence is not admissible. *Dowling v. United States*, 493 U.S. 342, 350-51 n.3 (1990); Fed. R. Evid. 402.

Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  It "*may* be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b)(2) (emphasis added).  However, as the Seventh Circuit has specifically cautioned, it is "not enough for the proponent of the other-act

---

[1] Should this Court grant Mr. Cui's Renewed Motion for Severance, Dkt. No. 236, these requests for limiting instructions would become moot.

[2] Mr. Cui reserves the right to request additional limiting instructions from this Court if certain highly prejudicial documents are admitted, or testimony elicited, at trial that is likely to result in juror confusion and wrongful attribution to Mr. Cui.  Mr. Cui makes these requests based on the government's filing of the documents referenced that seek pre-clearance to admit certain forms of evidence.

evidence simply to point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it." *United States v. Gomez*, 763 F.3d 845, 855-856 (7th Cir. 2014) (*en banc*). Rather, "the rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *Id*. at 856.

Furthermore, even if relevant, evidence nonetheless may be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury. . . ." Fed. R. Evid. 403. Under Federal Rule of Evidence 403, "unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (*quoting* Fed. R. Evid. 403 advisory committee notes). The Court has broad discretion on admissibility and "has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971).

In addition, limiting instructions must be given by this Court upon request to instruct the jury that certain evidence is being admitted for a restricted purpose and/or is not admissible as to certain parties. Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). As for these instructions, "[w]hen given, the limiting instruction should be customized to the case rather than boilerplate." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). Especially where a court has denied a motion to sever, limiting instructions are necessary to mitigate against the prejudice created by spill-over evidence only admissible as to other co-defendants. *See United States v. Ervin*, 540 F.3d 623, 628, 630 (7th Cir. 2008).

## MOTIONS *IN LIMINE*

I.     **MOTION *IN LIMINE* NO. 1: MOTION TO EXCLUDE ANY EVIDENCE OR ARGUMENT REGARDING PHOTOGRAPH(S) OF THE POLE SIGN SUBMITTED TO THE CITY OF CHICAGO THAT THE DEPARTMENT OF BUILDINGS SUGGESTED WAS NOT AN ACCURATE REFLECTION OF THE POLE SIGN**

After the application for the 4901 W. Irving Park Road property pole sign permit was denied, a photograph of the property was submitted by Mr. Cui's zoning attorney, Mr. Tom Moore, acting on behalf of Mr. Cui, to the Department of Buildings that appeared to show that the pole sign had been in continuous use. Based on undersigned counsel's review of discovery, there was suggestion by the Department of Buildings that the photograph was not an accurate reflection of the then current state of the pole sign. Following that exchange, no further photographs or information were submitted and the issue ended there.

First, the foregoing is the extent of what the government would be able to establish at trial regarding the photograph at issue. The jury would thus be left to speculate and infer that Mr. Cui personally altered the photograph or that Mr. Cui directed someone to do so. Putting that evidence in front of the jury to elicit that kind of inference is tantamount to improper character evidence and is inadmissible under Rule 404(b). *See* Fed. R. Evid. 404(b). Rule 404(b) specifically prohibits the government from introducing evidence that Mr. Cui has a propensity to commit bad acts, absent the government providing notice and satisfying the Court that the reason for introducing such evidence falls within one of the specifically enumerated exceptions to Rule 404(b). As this Court is aware, the government's Rule 404(b) Notice, filed on August 25, 2023, makes no mention of any intent to offer Rule 404(b) evidence with respect to Mr. Cui. *See* Dkt. No. 224.

Second, this evidence has no bearing on the matters alleged in the indictment, which concern two interactions between Company C and the City of Chicago: (1) redevelopment funding that Company C was awarded in March 2016 (Dkt. No. 30 at 50); and (2) a permit for a pole sign

that Company C sought in April 2017 and was ultimately denied in November 2017 (*id.* at 22–25). Accordingly, the evidence is irrelevant and should be excluded for that additional reason. *See* Fed. R. Evid. 401.

Third, rather than establishing Mr. Cui's guilt on the charged crimes, this issue has the potential to substantially inflame and prejudice the jury against Mr. Cui by inviting jurors to improperly infer that Mr. Cui (or someone acting at his direction) modified the photograph and/or that Mr. Cui was aware that the photograph was not what it purported to be. As such, even if issues surrounding the circumstances of this particular photograph were relevant (and they are not) evidence and argument concerning these issues should be excluded as unfairly prejudicial and confusing to the jury. *See* Fed. R. Evid. 403. Specifically, the evidence risks confusing the jury and wasting resources by necessitating mini-trials within the larger trial as to the circumstances of how the photograph came to be and who (if anyone) had knowledge that the photograph was inaccurate. For this reason, such evidence and argument should be excluded. *See e.g., Martinez v. City of Chicago*, 2016 WL 3538823, *5 (N.D. Ill. June 29, 2016) (emphasizing the Court's "unwillingness to allow the parties to create unnecessary sideshows and mini-trials on issues of little relevance."); *see also Firemen's Fund Ins. Co. v. Thien*, 63 F. 3d 754, 759 (8th Cir. 1995) (finding that evidence may be excluded when it leads to litigation of collateral issues).

Finally, evidence of the circumstances around the photograph also risks jurors simply forming unflattering opinions of Mr. Cui and improperly relying on those opinions when evaluating his culpability or lack thereof. *See Thompson v. City of Chicago*, 472 F.3d 444, 456-57 (7th Cir. 2006) ("Evidence is considered unfairly prejudicial . . . [when] its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.") (citations omitted).

For the foregoing reasons, any evidence, testimony or argument regarding this issue should be excluded.

## II.  MOTION *IN LIMINE* NO. 2:  MOTION TO BAR CO-CONSPIRATOR STATEMENTS AND/OR ARGUMENT THAT MR. CUI PARTICIPATED IN A CONSPIRACY

To the extent the government seeks to admit at trial any co-conspirator statements under Rule 801(d)(2)(E) regarding any alleged narrative involving Company C and Mr. Cui's retention of Klafter & Burke or more generally attribute any co-conspirator statements at all to Mr. Cui, Mr. Cui seeks a motion *in limine* barring admission of such evidence.  Further, because Mr. Cui is not charged in participating in any conspiracy or racketeering enterprise in the superseding indictment, Mr. Cui also asks that the motion *in limine* extend barring any evidence, argument, allegation, or even insinuation that he was a participant in a conspiracy or was aware of any conspiracy.

The government has not sought a determination that any co-conspirator evidence will be admissible at trial as to Mr. Cui through a *Santiago* proffer.  *See* Fed. R. Evid. 104(a); *United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985).  A "district court[] must make a preliminary determination of admissibility of co-conspirator statements."  *United States v. Cardena*, 842 F.3d 959, 993 (7th Cir. 2016) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).  The government did file a *Santiago* proffer,[3] but the alleged conspiracy identified therein and the Rule 802(d)(2)(E) statements the government sought admission for were limited solely to Mr. Burke and Mr. Andrews regarding Company B and the alleged fast food restaurant shakedown.  *See* Dkt. No. 225.  Thus, consistent with the *Santiago* proffer, the government should be barred from arguing or eliciting testimony (or otherwise introducing evidence) that Mr. Cui is part of the "fast-

---

[3] As addressed below, Mr. Cui seeks a limiting instruction should this Court admit the co-conspirator statements and evidence identified in the government's *Santiago* proffer regarding Mr. Burke's and Mr. Andrew's alleged participation in a conspiracy involving Company B and the fast-food restaurant narrative.

food shakedown" conspiracy identified in the proffer and should be barred from arguing that any statements made in furtherance of that conspiracy are attributable Mr. Cui.

As to any other alleged conspiracy or Rule 802(d)(2)(E) statement not identified in the *Santiago* proffer, there is no basis for the government to belatedly seek to allege Mr. Cui participated in any conspiracy or seek to admit any co-conspirator statements against Mr. Cui pursuant to Rule 802(d)(2)(E).

The government is aware of its obligation to obtain a pre-trial ruling on the admissibility of any co-conspirator statements it seeks to admit pursuant to Rule 801(d)(2)(E).  Thus, to the extent the government seeks to attribute any statement or conspiracy identified in the *Santiago* proffer to Mr. Cui or admit any other co-conspirator statement against Mr. Cui at trial that was not disclosed in the *Santiago* proffer, including but not limited to alleged co-conspirator statements regarding Company C and Mr. Cui's retention of Klafter & Burke, this Court should grant the motion *in limine* and bar the admission of such statements.  Further, because Mr. Cui has not been charged with any conspiracy and the government has not even elsewhere alleged he participated in a conspiracy, the motion *in limine* should extend to barring the government from alleging, arguing, or otherwise implying at trial that Mr. Cui participated in or was aware of any conspiracy.

III.    **MOTION *IN LIMINE* NO. 3:  MOTION TO BAR EVIDENCE REGARDING CIVIL LAWSUITS UNRELATED TO THE ALLEGATIONS IN THIS CASE**

Mr. Cui moves *in limine* for an order excluding any evidence, testimony, or argument regarding civil lawsuits filed against him unrelated to the allegations in this case.  "Evidence about unrelated lawsuits is inflammatory and likely to prejudice the jury against [Mr. Cui.]" *Schmidt v. Klinman*, No. 05 C 2134, 2005 WL 6939158, at *9 (N.D. Ill. Dec. 2, 2005) (granting motion *in limine* barring reference to unrelated lawsuits).

Mr. Cui and/or entities with which he is affiliated were previously defendants in the following civil lawsuits: *Curto v. Immigration Lawyers, P.C., et al.* (N.D. Ill. 1:22-cv-00369); *City of Chicago v. 830 W. 35th Pl .*(Cir. Ct. Cook Cnty. 2006-M1-402303; 2009-M1-400705; 2010-M1-400051), *Avalon Realty Asso. v. Lee Crossing LLC* (Cir. Ct. Cook Cnty. 2013-M3-001704).[4] The *Curto* case is an employment dispute filed by a former employee of Immigration Lawyers, P.C., of which Mr. Cui is the principal attorney and founder. The *City of Chicago* case involved a building code violation at a property (not at issue in this case) located at 830 W. 35th Place, Chicago, Illinois, which is no longer owned by Mr. Cui. *Lee Crossing LLC* involved a contract dispute regarding whether a limited liability company Mr. Cui previously managed owed a leasing commission to the broker.

The fact that these lawsuits exist, the reasons that these lawsuits exist, and any allegations made in connection with these lawsuits are of no relevance to this case. As is evident from the nature of the allegations described above, the civil lawsuits have no relation to the specific allegations against Mr. Cui in this matter, which concern two interactions between Company C and the City of Chicago: (1) redevelopment funding that Company C was awarded in March 2016 (*id.* at 50); and (2) a permit for a pole sign that Company C sought in April 2017 and was ultimately denied in November 2017 (*id.* at 22–25). Therefore, evidence or testimony concerning the civil lawsuits described above is irrelevant. *See* Fed. R. Evid. 401. The civil lawsuits have no tendency to make a fact of consequence in this action "more or less probable," and have no relation to any

---

[4] While not conceding their relevancy, Mr. Cui does not seek to bar evidence related to civil lawsuits related to the 4901 W. Irving Park Road property. *See, e.g., Friedman Real Estate Manag. v. Immigration Lawyers, P.C.* (Cir. Ct. Cook Cnty. 2023-M1-705095); *Byline Bank v. Charles Cui* (Cir. Ct. Cook Cnty. 2023-CH-04504); *Byline Bank v. Charles Cui* (Cir. Ct. Cook Cnty. 2021-L-008099).

element of any charges pending against Mr. Cui. *Id.* Nor are these irrelevant civil cases related to Mr. Cui's alleged motive or any potential defense in this case.

Furthermore, even if the other lawsuits were relevant – which they are not – courts "may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, there is no probative value in admitting evidence regarding the referenced civil lawsuits. Rather, any such evidence would be unduly prejudicial and confusing. Evidence of lawsuits filed against Mr. Cui by a former allegedly wronged employee and by the City of Chicago merely invite a jury to consider improper, emotional grounds. It also confuses the issues in this case since the civil suits have no relation to any element of any charges pending against Mr. Cui. Accordingly, any evidence of these lawsuits should not be admitted because it is not relevant, unduly prejudicial and confusing, and the government should be barred from any reference to these (or any other) civil lawsuits. *See, e.g.*, *Cazares v. Frugoli*, No. 13 CV 5626, 2017 WL 4150719, at *10 (N.D. Ill. Sept. 19, 2017) ("Because there is no reason to believe that evidence of unrelated lawsuits are germane to Plaintiffs' claims, and given that the evidence would likely be unduly prejudicial and could confuse the jury, the City's motion [*in limine*] is granted as to the lawsuits."); *McCoy v. Mennerich*, 584 F. Supp. 3d 635, 643 (S.D. Ill. 2022) ("the Court GRANTS Defendants' fifth motion *in limine*, and evidence of unrelated lawsuits involving Defendants shall be excluded"); *Stewart v. Jackson*, No. 1:17-CV-273, 2021 WL 1660976, at *2 (N.D. Ind. Apr. 28, 2021) (granting motion *in limine* prohibiting "presenting evidence of or mentioning other lawsuits or complaints lodged against the Defendants in the presence of the jury").

**MOTIONS FOR LIMITING INSTRUCTIONS**

**I.     MOTION FOR LIMITING INSTRUCTION NO. 1: RULE 802(D)(2)(E) CO-CONSPIRATOR STATEMENTS BY CO-DEFENDANTS INADMISSIBLE AS TO MR. CUI.**

Mr. Cui moves for a limiting instruction regarding the Rule 802(d)(2)(E) co-conspirator statements that the government seeks to admit through its recent *Santiago* proffer. *See generally* Dkt. No. 225. Mr. Cui has not been charged in any alleged conspiracy count or with participating in an alleged racketeering enterprise in the superseding indictment. Nor was he alleged to have participated in any conspiracy in the government's *Santiago* proffer. Thus, any evidence or testimony admitted that tends to show the existence of a conspiracy or any act or omission in furtherance of that conspiracy would be inadmissible and irrelevant as to Mr. Cui. To prevent jury confusion and undue prejudice, Mr. Cui asks that a limiting instruction be given whenever the government introduces any Rule 802(d)(2)(E) co-conspirator statement, which the government seeks to admit regarding an alleged conspiracy between Mr. Burke and Mr. Andrews.

Specifically, whenever the government seeks to admit or elicits a co-conspirator statement under Rule 802(d)(2)(E), Mr. Cui asks that the following instruction be given: **"Mr. Cui has not been charged with participating in any conspiracy or alleged to have participated in any conspiracy with Mr. Burke or Mr. Andrews; you are only to use this testimony in considering Mr. Burke's or Mr. Andrews's guilt and this testimony or any allegation of an existence of a conspiracy cannot be used in determining Mr. Cui's guilt."**

This instruction, at that level of specification, is appropriate and necessary. The government admits in the *Santiago* proffer that it is only seeking to "admit co-conspirator statements as to the fast-food restaurant shakedown," which only involves Company B, and an alleged conspiracy between Mr. Burke and Mr. Andrews. Dkt. 225 at 3; *id.* at 17 (setting forth summary of alleged evidence that supposedly will establish "[t]he existence of the conspiracy, and

-10-

the participation of Burke and Andrews in this conspiracy"); *see generally id.* The government's *Santiago* proffer does not argue—much less offer any evidence—that Mr. Cui was part of any conspiracy related to the "fast-food shakedown." Even if the government did offer sufficient evidence to suggest that there was a conspiracy related to the "fast-food shakedown" narrative, there was no attempt made to link Mr. Cui to the conspiracy. The government has the burden to link Mr. Cui to the alleged fast-food conspiracy in order to admit the statements against him and has made no attempt whatsoever to attempt to do so. *See United States v. Shoffner*, 826 F.2d 619, 6276 (7th Cir. 1987) (the government bears the burden to link a particular defendant to a conspiracy once it offers evidence establishing the existence of a conspiracy).

The *Santiago* proffer expressly states the conspiracy it seeks to establish is limited to Mr. Burke and Mr. Andrews: "the government's evidence will establish the existence of a conspiracy between defendants Burke and Andrews to extort and attempt to extort legal business for Klafter & Burke from Company B in return for Burke's support for permits permitting the remodeling of a fast-food restaurant located in Burke's ward." Dkt. 225 at 17; *see also id.* (setting forth summary of alleged evidence that supposedly will establish "[t]he existence of the conspiracy, and the participation of Burke and Andrews in this conspiracy"); *id.* at 73 ("all such statements made by Burke and Andrews furthered the conspiracy"). The government has not attempted to show that there is any evidence whatsoever that Mr. Cui was involved in or sought to further the alleged "fast-food shakedown" conspiracy. Nor is there any evidence that Mr. Cui knew of or joined in any alleged "fast-food shakedown" conspiracy. *See United States v. Bey*, 725 F.3d 643, 648 (7th Cir. 2013) (a person becomes a member of a conspiracy when they know about the conspiracy and intentionally agree to join it).

Therefore, because the evidence and testimony the government seeks to admit through the

*Santiago* proffer is not admissible as to Mr. Cui, a limiting instruction is necessary and mandatory to prevent prejudice to Mr. Cui. *See* Fed. R. Evid. 105. This is especially true because there is a high likelihood juror confusion could result in this case where the jury erroneously believes that Mr. Cui participated in some conspiracy with his co-defendants, whether or not that conspiracy is the specific one alleged in the *Santiago* proffer. Mr. Cui asks that a specific limiting instruction be given after each discrete segment of testimony regarding the existence of a conspiracy noting both that Mr. Cui is not alleged to have participated in any conspiracy and that the specific testimony is not admissible for considering his guilt. A repeated instruction is necessary to try to ensure the jury properly segregates any evidence on this topic from what evidence is admissible in the government's case against Mr. Cui.

## II.    MOTION FOR LIMITING INSTRUCTION NO. 2: RULE 404(B) PRIOR ACTS BY CO-DEFENDANT INADMISSIBLE AS TO MR. CUI.

Mr. Cui moves for a limiting instruction regarding any Rule 404(b) evidence and testimony of alleged prior acts of Mr. Burke that the government seeks to admit through its recent notice. *See generally* Dkt. No. 224. The government through that filing seeks to offer three categories of evidence and testimony that they allege tends to show Mr. Burke's "intent and motive (1) to use his and Solis's official positions to obtain legal business for Burke's private law firm from parties who were seeking to do business with the City and who were subject to approval from Burke and Solis's authority, and (2) to use his official position to take favorable official action on behalf his private clients." *Id*. This is evidence solely admissible (if this Court rules in the government's favor) for showing Mr. Burke's guilt. It is not admissible as to Mr. Cui. But there is a significant risk of confusion on that point given that the government alleges that Mr. Cui improperly retained Mr. Burke's law firm (Mr. Cui did not) and that Mr. Burke used his official position to benefit Mr. Cui, which is similar to the alleged 404(b) prior acts. This makes it likely the jury will improperly

believe that Mr. Cui was involved in a conspiracy with Mr. Burke or that Mr. Cui had knowledge of the alleged prior acts of Mr. Burke or more generally that Mr. Burke's alleged prior acts are otherwise attributable to Mr. Cui or make Mr. Cui's guilt more likely than if the evidence was not admitted. This danger is true for all three alleged prior acts, but especially true for the one that involves Individual C-1, who overlaps with the allegations in the superseding indictment involving Mr. Cui. *See* Dkt. No. 30 ¶¶ 1(B)(q), 54-55, 58.

Mr. Cui thus specifically asks this Court to issue a limiting instruction whenever the 404(b) evidence against Mr. Burke is admitted as follows: **"Mr. Cui has not been charged with participating in any conspiracy with Mr. Burke or with involvement with the acts described in this testimony; you are only to use this testimony and/or evidence in considering Mr. Burke's guilt and this evidence regarding alleged similar acts by Mr. Burke cannot be used in determining Mr. Cui's guilt."**

This instruction is necessary and mandatory for this Court to issue. Even when prior acts are admitted as to a particular defendant under Rule 404(b), limiting instructions are necessary. *See United States v. Gomez*, 763 F.3d 845, 860–61 (7th Cir. 2014) (limiting instructions should be offered "[i]n order to effectively distinguish appropriate from inappropriate inferences," and "jurors should be told in plain language the specific purpose for which the evidence is offered and that they should not draw any conclusions about the defendant's character or infer that on a particular occasion the defendant acted in accordance with a character trait") (quotations omitted). Thus, there is no question that the limiting instructions should extend to co-defendants, such as Mr. Cui. And here, where the 404(b) acts alleged are similar to the allegations against Mr. Cui there is a real danger that jury will not only draw improper inferences about Mr. Burke, but also about Mr. Cui where as to Mr. Cui any Rule 404(b) evidence is inadmissible for any purpose.

This danger of prejudice and wrongly attribution of inadmissible evidence to Mr. Cui is true for all three Rule 404(b) narratives the government seeks to admit: (1) Communication Related to Withholding of Driveway Permits; (2) Burke's Attempts to Solicit Tax Work from Company G; and (3) Burke's Solicitation of Tax Business Through Other Public Officials. But there is a special danger, which may require an even more specific limiting instruction with the narrative titled "Burke's Attempts to Solicit Tax Work from Company G" when testimony is solicited about or from the individual referred to as Individual C-1. Dkt. No. 224 at 9. Individual C-1 also features in the specific allegations against Mr. Cui in the superseding indictment. *See* Dkt. No. 30 ¶¶ 1(B)(q), 54-55, 58. Not only is there a danger for Mr. Cui from being swept into the broader web of allegations against Mr. Burke and alleged 404(b) evidence (which is only admissible against Mr. Burke) in the jury's mind because Mr. Cui is alleged to have improperly retained Mr. Burke's law firm, but there is a high probability of this occurring because one of the 404(b) incidents specifically involves an overlapping individual—Individual C-1. Moreover, because Company A is also referenced in this narrative, which is a company involved in a completely separate narrative alleged in the superseding indictment involving the Post Office project, there is a danger of jurors improperly believing that Mr. Cui was somehow involved in the counts involving the Post Office narrative or some larger conspiracy. Therefore, if this Court allows the government to admit 404(b) evidence and testimony regarding an alleged attempt by Mr. Burke to solicit tax work from Company G, Mr. Cui asks that this Court specifically instruct the jury that: **"This incident and the alleged involvement of Individual C-1 does not mean the Mr. Cui was involved in or had knowledge of Mr. Burke's or any other individual's actions and you are prohibited from using this evidence or testimony in considering Mr. Cui's guilt. Further, the government does not allege that Mr. Cui had any involvement with or**

**knowledge of Company A and the allegations regarding the Post Office project."** This specific limiting instruction will be necessary to prevent confusion and to help the jury silo off the different alleged incidents against Mr. Burke and Mr. Burke's broader actions, from the discrete incident involving the allegations against Mr. Cui.[5]

Dated:  September 29, 2023

Respectfully submitted,

Defendant Charles Cui

By: /s/ *Tinos Diamantatos*

Tinos Diamantatos
Megan R. Braden
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL 60606-1511
Telephone: +1.312.324.1000
Facsimile: +1.312.324.1001
tinos.diamantatos@morganlewis.com
megan.braden@morganlewis.com

---

[5] Again, Mr. Cui has moved for severance because this tangled web of evidence will be hard for the jury to properly sort into which evidence is and is not admissible to establish Mr. Cui's guilt, even with this Court issuing diligent limiting instructions.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was filed on September 29, 2023, using the

CM/ECF system, which will send notification of such filing to all counsel of record.


<u>/s/ *Tinos Diamantatos*</u>