IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 19 CR 322 |
| ) | |
| EDWARD M. BURKE, PETER J. ) | Judge Virginia M. Kendall |
| ANDREWS and CHARLES CUI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court rules on the Government's Consolidated Motions *in Limine* [256] as follows.

The Government's motion *in limine* 1, seeking notice from Defendants if they will request an entrapment instruction, is denied as moot. (Dkt. 256 at 2–5).

The Government's six-part motion *in limine* 2A–F moves to preclude evidence and argument relating to its tactics and motives. (*Id.* at 5–14). The motion is denied as moot with respect to parts A, B, C, and F—specifically, the requests to bar (A) evidence and argument on the Government's reasons for investigating Burke; (B) evidence and argument on the propriety of investigative techniques; (C) allegations of outrageous government conduct; and (F) evidence and argument on whether FBI agents through Defendants Andrews and Cui would lie. (*Id.* at 6–11, 13–14). The motion in Part D, to preclude evidence and argument on the terms of Daniel Solis's plea deal unless he testifies, is taken under advisement to be revisited if necessary. (*Id.* at 11–12). The Court grants the motion in part E to bar evidence and argument inviting jury speculation about uncharged individuals and the Government's motivations for prosecuting the case. (*Id.* at 12–13). The Court will instruct the jury not to speculate about any absent parties.

As to the Government's motion *in limine* 3, Defendant Burke may impeach Solis only if he testifies, and Burke may not call Solis as a witness solely to impeach him. (*Id.* at 14–21). The Court will permit Burke to say in opening statements that Solis was cooperating with the Government—consistent with his obligation to limit his opening statement to facts that will be shown through evidence. The Court will provide further guidance if needed.

Turning to the Government's motion *in limine* 4, to exclude evidence of uncharged individuals' intent, the motion is granted in part and denied in part. (*Id.* at 21–24). Uncharged witnesses may not testify as to their belief that certain conduct was legal or illegal. Of course, testimony on a witness's state of mind is admissible if relevant.

In its motion *in limine* 5, the Government moves to exclude evidence of Individual A-1's intent. (*Id.* at 24–26). Burke disagrees, arguing that a bribe-giver's intent is relevant to the Illinois law bribery offense. (Dkt. 283 at 14–16); 720 ILCS 5/33-1(e). Section 5/33-1(e) provides:

> A person commits bribery when: he or she solicits, receives, retains, or agrees to accept any property or personal advantage *pursuant to an understanding* that he or she shall improperly influence or attempt to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness.

720 ILCS 5/33-1(e) (emphasis added). Since one person can have an "understanding" without sharing it, the phrase "pursuant to an understanding" need not implicate a shared, or even factually correct, perception of the circumstances. If the statute demanded proof of a bribe-giver's intent in fact, it would not reach the taking or soliciting of bribes from undercover agents or cooperators. *But cf. People v. Dougherty*, 514 N.E.2d 946 948–49 (Ill. App. Ct. 1987) (affirming conviction where the defendant received a bribe from a cooperator, finding there was "no question but that the defendant knew the money he accepted was given to him with the understanding that it be used to influence" a building inspector's official duties); *People v. Shelton*, 624 N.E.2d 1205, 1214 (Ill. App. Ct. 1993) (affirming conviction of a jail guard who accepted a bribe from an undercover agent to deliver cocaine to a made-up inmate).[1]

Burke points to *People v. Gralewski*, where the court equated "understanding" with "agreement" or "meeting of the minds." 270 N.E.2d 566, 568 (Ill. App. Ct. 1971) ("The only question remaining is whether the defendant took the money under an agreement to infl[u]ence the disposition of complainant's case. . . . The evidence shows there was a meeting of the minds with regard to what the money was for."). Yet, *Gralewski* focused its analysis on the defendant's understanding of the circumstances—rather than the bribe-giver's intent. *Id.* at 568. Indeed, the defendant's offending conduct included accepting money from a cooperator. *Id.* at 567. Facts and circumstances informing the defendant's understanding of the bribe-giver's intent, of course, are relevant. But the bribe-giver's intent in fact does not appear to be an element of § 5/33-1(e). So the motion is granted as explained. (Dkt. 256 at 24–26).

Next, the Government's motion *in limine* 6, to preclude declarations on the applicable law in opening statements, is granted without prejudice. (*Id.* at 26–27). The parties may raise the issue again once the jury instructions have taken form.

The Government's motion *in limine* 7, to bar evidence or argument drawing comparisons between memories of third parties and Defendants, is also granted without prejudice. (*Id.* at 27–29). The Court is willing to revisit this issue based on the evidence that comes out during trial.

In the Government's three-part motion *in limine* 8A–C, it moves to bar evidence or argument designed to elicit jury nullification. (*Id.* at 29–31). This is really a motion to enforce settled evidentiary rules. First, the motion in part A to preclude argument that Defendants' conduct was "politics as usual" is denied as moot, since no defendant intends to make such an argument.

---

[1] During oral argument on October 16, 2023, the Court granted Burke's counsel leave to respond to *Dougherty* and *Shelton* in a reply brief by October 18. To date, Burke has not filed a reply on this issue.

Of course, jury-nullification arguments are off limits. Second, the Court grants the motion in part B to preclude argument and evidence of the penalties Defendants are facing for any improper purpose. (*Id.* at 31–32). Informing the jury of sentencing consequences is "strongly disfavored." *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *Shannon v. United States*, 512 U.S. 573, 579 (1994). Burke is correct that sentencing consequences may be relevant in limited circumstances. (Dkt. 283 at 18); *see United States v. Manzano* (*In re United States*), 945 F.3d 616, 630 (2d Cir. 2019). For instance, the potential penalties a cooperating witness faced before and after agreeing to cooperate may be relevant to the witness's motive to testify in the Government's favor. Yet, Burke has not proposed any proper purpose for bringing the potential penalties for Defendants to the jury's attention. Third, the motion in part C to bar "Golden Rule" arguments—inviting jurors to picture themselves in Defendants' shoes—is granted. (Dkt. 256 at 31). *See United States v. Roman*, 492 F.3d 803, 805–06 (7th Cir. 2007) (observing that "Golden Rule" arguments are "universally" improper since they urge the jury "to decide the case on the basis of personal interest and bias rather than on the evidence").

The Government's motion *in limine* 9, seeking to exclude questions and comments inviting jury speculation on the contents of un-played or unrecorded conversations, is granted in part and denied in part. (Dkt. 256 at 32–33). Defendants should not encourage the jury to speculate as to the content of non-evidence. *Cf. United States v. Simpson*, 974 F.2d 845, 848 (7th Cir. 1992); *United States v. Sblendorio*, 830 F.2d 1382, 1394 (7th Cir. 1987); *United States v. Keplinger*, 776 F.2d 678, 703 (7th Cir. 1985). Burke would invite improper speculation by arguing that the Government presented every piece of incriminating evidence it could gather. *See Sblendorio*, 830 F.2d at 1392–94; *see also United States v. Buchbinder*, 796 F.2d 910, 919 (7th Cir. 1986) (describing an argument that evidence was not on the record "because it simply doesn't exist" as "troubling"). Without an explanation as to why a recording is not in evidence, the jury will have no way to make sense of the absence. *See Sblendorio*, 830 F.2d at 1394. Opening the door to argument about missing recordings will become problematic if a recording or conversation is missing due to an evidentiary ruling—leaving the opposing party unable to rebut the adverse inference. Defendants are free to argue a failure of proof. But for now, commentary on the content or meaning of unrecorded conversations or un-played recordings will be out of bounds. Further, the jury instructions should steer jurors away from speculation about non-evidence.

The Government's motion *in limine* 10, to exclude evidence of Defendants' prior good or lawful acts is taken under advisement, to be revisited during trial. (Dkt. 256 at 33–39).

The Government's motion *in limine* 11, requesting exclusion of improper impeachment evidence is denied as moot. (*Id.* at 39–40).

The Court grants the Government's motion *in limine* 12: the parties will make requests and comments on discovery issues outside the jury's presence. (*Id.* at 41).

The Government's motion *in limine* 13, to preclude comment on the Court's evidentiary rulings, is denied as moot. (*Id.* at 41–42).

The Government's motion *in limine* 14, in a similar vein to the missing-evidence issue, seeks to bar argument about missing witnesses. (*Id.* at 42–43). The motion is granted in part: Defendants will alert the Court before making any missing-witness argument.

The Government's motion *in limine* 15, to preclude argument defining reasonable doubt, is granted. (*Id.* at 43–44).

The Government's motion *in limine* 16 is also granted: the Government may recall witnesses during its case-in-chief and rebuttal. (*Id.* at 44–46). The Government should give Defendants two days' notice of the witnesses it intends to call and in what order.

Finally, the Government's motion *in limine* 17, to preclude the use of agent reports during cross-examination, is moot based on the understanding of the parties. (*Id.* at 46–47).

_____
Virginia M. Kendall
United States District Judge

Date: October 23, 2023