IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | 19 CR 322 |
| | ) | |
| EDWARD M. BURKE, PETER J. | ) | Judge Virginia M. Kendall |
| ANDREWS, and CHARLES CUI, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **ORDER**

During trial, the Government intends to play close to 150 recorded conversations. Defendants Edward Burke, Peter Andrews, and Charles Cui have objected to many of these recordings—seeking to exclude some recordings, in whole or in part, and asking to introduce additional portions for completeness. Each Defendant has provided the Court with a list of their objections based on transcripts of the recordings. On October 13, 2023, the Court heard oral argument on transcript objections. (*See* Dkts. 279, 295). Having carefully reviewed each disputed transcript, the Court now rules on the objections. For the sake of efficiency, rather than take each challenged transcript line by line, the Court will discuss evidentiary principles underlying the rulings, applied in broad strokes. The Court's rulings appear in the Appendix to this Order.

At the outset, several of Defendants' objections are subject to now-resolved motions *in limine*. (*See* Dkts. 291, 296, 301, 302, 309, 315, 316, 317). Burke's "wholesale" objections to certain transcripts fall into that category. (*See* Dkt. 309). Some hearsay objections go to statements which are conditionally admissible as coconspirator statements or to give context to coconspirator statements, pursuant to this Court's ruling on the Government's *Santiago* proffer. (Dkt. 296). In that vein, previous Orders have discussed the parameters of statements admissible for context despite the rule against hearsay. (Dkt. 309 at 1–2; *see also* Dkt. 302). As explained, "statements providing context for other admissible statements are not hearsay because they are not offered for their truth." *United States v. Jackson*, 940 F.3d 347, 352 (7th Cir. 2019) (quoting *United States v. Foster*, 701 F.3d 1142, 1150 (7th Cir. 2012)); *see also United States v. Wright*, 722 F.3d 1064, 1067 (7th Cir. 2013) (observing that "statements are admissible when they make a defendant's recorded statements intelligible for the jury or when brief and essential to bridge gaps in the trial testimony that might significantly confuse or mislead jurors" (quoting *United States v. Walker*, 673 F.3d 649, 657–58 (7th Cir. 2012))) (cleaned up). Out-of-court statements need not be between two parties to fall within the context exception. *United States v. Norton*, 893 F.3d 464, 467 (7th Cir. 2018).

Of note, recorded conversations between defendants and informants are admissible if the "informant's statements provide context for the defendant's own admissions." *Jackson*, 940 F.3d

at 352 (quoting *Foster*, 701 F.3d at 1150). Indeed, statements of non-conspirators are admissible "'to give *context* to the coconspirators' ends of the conversations,' even when being introduced against a conspirator not included in the conversation." *United States v. Quiroz*, 874 F.3d 562, 570 (7th Cir. 2017) (quoting *United States v. Zizzo*, 120 F.3d 1338, 1348 (7th Cir. 1997)). Of course, the context exception is not so broad as to permit sneaking in statements for their truth. *Wright*, 722 F.3d at 1067 (citing *United States v. Nettles*, 476 F.3d 508, 517 (7th Cir. 2007)). Yet, in reviewing the transcripts, none of the challenged statements are offered for truth in disguise. Rather, the disputed context statements shed light on other admissible statements. For those statements admitted for context, the parties should propose "concrete and understandable" limiting instructions to inform proper consideration by the jury. *See Wright*, 722 F.3d at 1068; *Norton*, 893 F.3d at 467–68 (citing *Zizzo*, 120 F.3d at 1348).

Then, many of Burke's objections seek additional portions of recordings to come in for completeness during the Government's case. Under Rule 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106; *see United States v. Ambrose*, 668 F.3d 943, 964 (7th Cir. 2012). According to the doctrine of completeness, "a complete statement is required to be read or heard when 'it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *United States v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011) (quoting *United States v. Sweiss*, 814 F.2d 1208, 1211–12 (7th Cir. 1987)). "A statement admitted on 'completeness' grounds must be connected contextually to the previously introduced evidence, such that the exclusion of that statement is likely to create an incomplete, misleading, or distorted picture of the evidence." *United States v. Reese*, 666 F.3d 1007, 1019 (7th Cir. 2012) (quoting *United States v. Price*, 516 F.3d 597, 605 (7th Cir. 2008)). Yet, the doctrine does not "require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted" portions. *Lewis*, 641 F.3d at 785 (quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982)). Further, "a party cannot use the doctrine of completeness to circumvent Rule 803's exclusion of hearsay testimony." *United States v. Vargas*, 689 F.3d 867, 876 (7th Cir. 2012) (citing *Lewis*, 641 F.3d at 785).

Here, much of what Burke seeks to admit for completeness is "merely explanatory of his theory of the case." *See Lewis*, 641 F.3d at 785. The Government is entitled to offer its own theory during its case-in-chief. Some of Burke's requested additions may be admissible in his defense case if they fall within the parameters of the rule of completeness. Certain others appear to be hearsay for which he has not articulated any basis for admission. But Burke is correct that the Government has excised some recordings too surgically—using a scalpel to carve out lines here and there when those lines give context to the conversation. Some portions of conversations reflect Burke's broader conversations with Solis or his assistant, showing the level of trust between them. And some portions give fair context to conversations that will be helpful for the jury without pushing Burke's theory out of turn.

Next, Cui objects to certain statements as hearsay, which may be admissible as statements of a party opponent. Under Rule 801(d)(2), a statement is not hearsay if it is "offered against an opposing party" and, relevant here, either (C) "made by a person whom the party authorized to make a statement on the subject;" or (D) "made by the party's agent or employee on a matter

within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(C), (D); *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 583 (7th Cir. 2019); *United States v. Bloom*, 846 F.3d 243, 256 (7th Cir. 2017); *see also Carlisle v. Deere & Co.*, 576 F.3d 649, 656 (7th Cir. 2009). The challenged statements are conditionally admissible against Cui, subject to the Government establishing the applicable prerequisites.

Defendants challenge many of the recordings as irrelevant, Fed. R. Evid. 401, or having probative value that is substantially outweighed by the dangers of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403. As to each of these objections, the Court has considered whether the recording is relevant and conducted a balancing pursuant to Rule 403. Andrews and Cui each raise numerous boilerplate objections to recordings relating to episodes in which they are not charged. They may propose limiting instructions and ask the Court to repeat these instructions throughout trial when appropriate.

The Court's rulings in the Appendix reflect the above principles in action.

_____
Virginia M. Kendall
United States District Judge

Date: November 4, 2023

# APPENDIX[*]

## A. Defendant Burke's Transcript Objections

| Recording | Objection | Transcript Lines | Ruling |
|---|---|---|---|
| Tab 1 Session 1D112 September 26, 2016, 11:38 a.m. | Relevance; hearsay; Rule 403; Rule 404(b) Related motion: (Dkt. 247 at 64–66). | 3:135–5:207 | Overruled; admitted. (Dkt. 309 at 16). |
| Tab 1 Session 1D112 September 26, 2016, 11:38 a.m. | Completeness | 6:210 | Sustained; admitted. |
| Tab 1 Sesson 1D112 September 26, 2016, 11:38 a.m. | Relevance; hearsay; Rule 403 | 7:303–311 | Overruled; admitted. |
| Tab 1 Sesson 1D112 September 26, 2016, 11:38 a.m. | Completeness | 9:403–10:443 | Overruled; excluded. |
| Tab 2 Session 1D124 October 5, 2016, 12:12 p.m. | Rule 404(b) Related motion: (Dkt. 247 at 64–66). | 1:3–28 | Overruled; admitted. (Dkt. 309 at 16). |
| Tab 3 Session 1D134 October 27, 2016, 1:35 p.m. | Completeness Related motion: (Dkt. 247 at 10–11; *see also* Dkt. 286 at 12–14). | 2:29 | Ruling reserved. (Dkt. 309 at 2). |
| Tab 3 Session 1D134 October 27, 2016, 1:35 p.m. | Completeness Related motion: (Dkt. 247 at 10–11; *see also* Dkt. 286 at 12–14). | 3:112–9:355 | Ruling reserved. (Dkt. 309 at 2). |
| Tab 3 Session 1D134 October 27, 2016, 1:35 p.m. | Hearsay | 11:425–12:472 | Overruled; admitted. |
| Tab 3 Session 1D134 October 27, 2016, 1:35 p.m. | Relevance; Rule 403; Rule 404(b) Related motion: (Dkt. 230 at 9). | 13:520–14:535 | Overruled; admitted. (Dkt. 291). |

---

[*] Color key: Red = seeking exclusion; green = seeking to admit additional context.

| | | | |
|---|---|---|---|
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Completeness | 14:523 | Sustained; admitted. |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Relevance; Rule 403; Rule 404(b)<br>Related motion: (Dkt. 230 at 9). | 15:540–570 | Overruled; admitted. (Dkt. 291). |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Completeness | 15:538 | Sustained; admitted. |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Hearsay | 18:638–646 | Overruled; admitted. |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Completeness | 18:836 | Sustained; admitted. |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Completeness | 19:699–706 | Ruling reserved. (Dkt. 309 at 2). |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Relevance; Rule 403; Rule 404(b)<br>Related motion: (Dkt. 230 at 9). | 20:754–21:788 | Overruled; admitted. (Dkt. 291). |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Relevance; Rule 403; Rule 404(b)<br>Related motion: (Dkt. 230 at 9). | 22:828–23:876 | Overruled; admitted. (Dkt. 291). |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Completeness | 24:899–26:980 | Sustained; admitted. |
| Tab 3<br>Session 1D134<br>October 27, 2016, 1:35 p.m. | Relevance; Rule 403; Rule 404(b)<br>Related motion: (Dkt. 230 at 9). | 26:1020–27:1028 | Overruled; admitted. (Dkt. 291). |
| Tab 4<br>Session 1D144<br>November 7, 2016, 10:53 a.m. | Completeness | 1:1-4:117 | Overruled; excluded. |

| | | | |
|---|---|---|---|
| Tab 4<br>Session 1D144<br>November 7, 2016,<br>10:53 a.m. | Relevance; hearsay;<br>Rule 403; Rule 404(b)<br>Related motion: (Dkt.<br>247 at 12–14). | 5:166–6:277 | Overruled; admitted.<br>(Dkt. 309 at 3–4). |
| Tab 4<br>Session 1D144<br>November 7, 2016,<br>10:53 a.m. | Completeness | 6:229–230 | Sustained; admitted. |
| Tab 4<br>Session 1D144<br>November 7, 2016,<br>10:53 a.m. | Completeness; Rule 803(3) | 6:229–7:260 | Overruled; excluded. |
| Tab 5<br>Session 1D170<br>December 22, 2016,<br>9:25 a.m. | Completeness | 1:1–2:61 | Overruled; excluded. |
| Tab 5<br>Session 1D170<br>December 22, 2016,<br>9:25 a.m. | Rule 403<br>Related motion: (Dkt.<br>247 at 38). | 8:324–337 | Overruled; admitted.<br>(Dkt. 309 at 9–10). |
| Tab 6<br>Session 1D193<br>January 25, 2017, 12:54 p.m. | Completeness; Rule 803(3) | 2:85–4:142 | Overruled, excluded. |
| Tab 6<br>Session 1D193<br>January 25, 2017, 12:54 p.m. | Relevance; hearsay,<br>Rule 403 | 5:146–6:201 | Overruled; admitted. |
| Tab 6<br>Session 1D193<br>January 25, 2017, 12:54 p.m. | Relevance; hearsay,<br>Rule 403; Rule 404(b)<br>Related motion: (Dkt.<br>247 at 64–66). | 7:208–209 | Overruled; admitted. |
| Tab 6<br>Session 1D193<br>January 25, 2017, 12:54 p.m. | Completeness | 8:242 | Sustained; admitted. |
| Tab 7<br>Session 1D205<br>February 10, 2017, 9:58 a.m. | Completeness | 1:1–2:76 | Overruled; excluded. |
| Tab 7<br>Session 1D205<br>February 10, 2017, 9:58 a.m. | Relevance; hearsay | 5:159–6:179 | Overruled; admitted. |

| | | | |
|---|---|---|---|
| Tab 7<br>Session 1D205<br>February 10, 2017, 9:58 a.m. | Hearsay | 7:185–11:424 | Overruled; admitted. |
| Tab 7<br>Session 1D205<br>February 10, 2017, 9:58 a.m. | Relevance; Rules 403; Rule 404(b)<br>Related motion: (Dkt. 247 at 54–55). | 12:449–12:511 | Moot. (Dkt. 309 at 15). |
| Tab 8<br>Session 640<br>June 1, 2017, 4:31 p.m. | Completeness | 1:1–4 | Sustained; admitted. |
| Tab 9<br>Session 642<br>June 1, 2017, 4:32 p.m. | Completeness | 2:29, 78 | Sustained; admitted. |
| Tab 10<br>Session 658<br>June 2, 2017, 9:28 a.m. | Completeness | 1:1–2:44, 2:59–3:90 | Sustained; admitted. |
| Tab 11<br>Session 938<br>June 8, 2017, 11:47 a.m. | Completeness | 1:1–2:36 | Overruled; excluded. |
| Tab 12<br>Session 1776<br>June 27, 2017, 2:06 p.m. | Completeness | 1:28–2:38 | Sustained; admitted. |
| Tab 13<br>Session 1D83<br>July 10, 2017, 2:47 p.m. | Completeness | 1:1–29 | Overruled; excluded. |
| Tab 13<br>Session 1D83<br>July 10, 2017, 2:47 p.m. | Rule 403; Rule 404(b)<br>Related motion: (Dkt. 247 at 50–52). | 4:125–142 | Moot. (Dkt. 309 at 15). |
| Tab 14<br>Session 2585<br>July 14, 2017, 11:04 a.m. | Completeness | 1:1–16 | Sustained; admitted. |
| Tab 15<br>Session 1D91<br>August 2, 2017, 2:15 p.m. | Hearsay<br>Related motion: (Dkt. 247 at 10–11; *see also* Dkt. 286 at 12–14). | Entire transcript | Ruling reserved. (Dkt. 309 at 2). |
| Tab 15<br>Session 1D91<br>August 2, 2017, 2:15 p.m. | Completeness | 1:1–23 | Ruling reserved. (*See* Dkt. 309 at 2). |

| | | | |
|---|---|---|---|
| Tab 15<br>Session 1D91<br>August 2, 2017, 2:15 p.m. | Completeness | 3:118–4:141 | Ruling reserved. (*See* Dkt. 309 at 2). |
| Tab 15<br>Session 1D91<br>August 2, 2017, 2:15 p.m. | Completeness | 5:144–147 | Ruling reserved. (*See* Dkt. 309 at 2). |
| Tab 15<br>Session 1D91<br>August 2, 2017, 2:15 p.m. | Completeness | 7:258–9:382, 9:388–11:487 | Ruling reserved. (*See* Dkt. 309 at 2). |
| Tab 15<br>Session 1D91<br>August 2, 2017, 2:15 p.m. | Completeness | 12:520–13:570 | Ruling reserved. (*See* Dkt. 309 at 2). |
| Tab 16<br>Session 1D89<br>August 3, 2017, 8:36 a.m. | Hearsay<br>Related motion: (Dkt. 247 at 46–50). | 1:6–33 | Overruled; admitted. (Dkt. 309 at 11–15). |
| Tab 17<br>Session 4964<br>August 29, 2017, 4:11 p.m. | Completeness | 1:1–18, 1:27–33 | Sustained; admitted. |
| Tab 17<br>Session 4964<br>August 29, 2017, 4:11 p.m. | Completeness | 3:34, 2:45–49 | Sustained; admitted. |
| Tab 17<br>Session 4964<br>August 29, 2017, 4:11 p.m. | Completeness | 4:66–5:107 | Overruled; excluded. |
| Tab 18<br>Session 5016<br>August 30, 2017, 9:42 a.m. | Completeness | 1:7–2:58 | Overruled; excluded. |
| Tab 19<br>Session 5053<br>August 31, 2017, 8:47 a.m. | Completeness | 1:1–12, including "(New Clip 1 BEGIN)" | Overruled; excluded. |
| Tab 19<br>Session 5053<br>August 31, 2017, 8:47 a.m. | Completeness | 2:13–17, 19–49 | Overruled; excluded. |

8

| | | | |
|---|---|---|---|
| Tab 20<br>Session 5514<br>September 8, 2017,<br>5:08 p.m. | Completeness | 1:1–8, 1:14–30 | Sustained; admitted. |
| Tab 21<br>Session 5515<br>September 8, 2017,<br>5:10 p.m. | Completeness | 2:78 | Sustained; admitted. |
| Tab 22<br>Session 5587<br>September 12, 2017,<br>9:26 a.m. | Completeness | 1:1–26 | Sustained; admitted. |
| Tab 23<br>Session 5594<br>September 12, 2017,<br>10:16 a.m. | Completeness; Rule 803(3) | 3:114–5:206 | Overruled; excluded. |
| Tab 24<br>Session 5713<br>September 14, 2017,<br>10:43 a.m. | Completeness | 1:1–14 | Sustained; admitted. |
| Tab 24<br>Session 5713<br>September 14, 2017,<br>10:43 a.m. | Completeness | 2:48–3:86 | Overruled; excluded. |
| Tab 25<br>Session 6136<br>September 19, 2017,<br>4:36 p.m. | Completeness | 1:1–2:42, 2:53–66 | Overruled, excluded. |
| Tab 26<br>Session 1D103<br>October 17, 2017,<br>12:44 p.m. | Completeness | 1:1–28 | Sustained; admitted. |
| Tab 26<br>Session 1D103<br>October 17, 2017,<br>12:44 p.m. | Relevance | 3:99–112 | Overruled; admitted. |
| Tab 26<br>Session 1D103<br>October 17, 2017,<br>12:44 p.m. | Rule 403<br>Related motion: (Dkt. 247 at 38). | 9:401–10:433 | Overruled; admitted.<br>(Dkt. 309 at 9–10). |
| Tab 26<br>Session 1D103<br>October 17, 2017,<br>12:44 p.m. | Completeness | 11:442–444 | Overruled; excluded. |

| Tab 27<br>Session 7441<br>October 24, 2017, 9:57 a.m. | Completeness | 2:77–3:118 | Sustained; admitted. |
|---|---|---|---|
| Tab 27<br>Session 7441<br>October 24, 2017, 9:57 a.m. | Completeness | 3:12–124 | Overruled; excluded. |
| Tab 28<br>Session 8630<br>December 15, 2017, 12:30 p.m. | Completeness | 1:19–2:44 | Overruled; excluded. |
| Tab 29<br>Session 8800<br>December 21, 2017, 1:35 p.m. | Completeness | 1:10–15 | Overruled; excluded. |
| Tab 30<br>Session 1D113<br>January 18, 2018, 12:38 p.m. | Completeness; Rule 803(3) | 1:1–3:94, including "(NEW CLIP 1 BEGIN)" | Overruled; excluded. |
| Tab 30<br>Session 1D113<br>January 18, 2018, 12:38 p.m. | Completeness | 4:95-99, 4:105–129 | Overruled; excluded |
| Tab 30<br>Session 1D113<br>January 18, 2018, 12:38 p.m. | Completeness | 7:260–297 | Overruled; excluded. |
| Tab 30<br>Session 1D113<br>January 18, 2018, 12:38 p.m. | Completeness | 8:299, 8:323 | Sustained; admitted. |
| Tab 31<br>Session 1D133<br>November 9, 2018, 4:32 p.m. | Completeness | 1:1–2:52 | Overruled; excluded. |
| Tab 31<br>Session 1D133<br>November 9, 2018, 4:32 p.m. | Relevance; Rule 403; Rule 404(b)<br>Related motions: (Dkt. 247 at 64–66; Dkt. 230 at 9). | 3:52–4:122 | Overruled; admitted. (Dkt. 309 at 16; Dkt. 291). |

B.     **Defendant Cui's Transcript Objections**

| Recording | Objection | Transcript Lines | Ruling |
|---|---|---|---|
| Tab 3<br>Session 4746<br>August 24, 2017 | Hearsay as to Cui | Entire transcript | Overruled; conditionally admitted. *See* Fed. R. Evid. 801(d)(2)(C). |
| Tab 4<br>Session 4783<br>August 24, 2017 | Hearsay as to Cui | 1:8–9 | Overruled; admitted with limiting instruction. |
| Tab 6<br>Session 4964<br>August 29, 2017 | Hearsay as to Cui | 1:1–3:45 | Overruled; admitted with limiting instruction. |
| Tab 7<br>Session 5016<br>August 30, 2017 | Hearsay as to Cui | 1:1–9 | Overruled; admitted. |
| Tab 8<br>Session 5043<br>August 30, 2017 | Hearsay as to Cui | 1:1–22 | Overruled; conditionally admitted. *See* Fed. R. Evid. 801(d)(2)(D). |
| Tab 9<br>Session 5053<br>August 31, 2017 | Hearsay as to Cui | 1:1–4 | Overruled; conditionally admitted. *See* Fed. R. Evid. 801(d)(2)(D). |
| Tab 10<br>Session 5713<br>September 14, 2017 | Hearsay as to Cui; relevance; Rule 404(b); Rule 403<br>Related motion: (Dkt. 253 at 4–6) | 1:1–35 | Overruled; admitted. (*See* Dkt. 317 (resolving relevance, Rule 403, and Rule 404(b) objections)). |
| Tab 11<br>Session 5714<br>September 14, 2017 | Hearsay as to Cui | 1:1–7 | Overruled; conditionally admitted. *See* Fed. R. Evid. 801(d)(2)(D). |
| Tab 12<br>Session 1D136<br>November 29, 2018 | Parties are discussing appropriate designations | 1:3–2:54 | Ruling reserved. |
| Tab 12<br>Session 1D136<br>November 29, 2018 | Parties are discussing appropriate designations | 2:55–9:446 | Ruling reserved. |
| Tab 12<br>Session 1D136<br>November 29, 2018 | Parties are discussing appropriate designations | 9:447–449 | Ruling reserved. |
| Tab 12<br>Session 1D136<br>November 29, 2018 | Parties are discussing appropriate designations | 29:1468–30:1520 | Ruling reserved. |

11

| | | | |
|---|---|---|---|
| Tab 12<br>Session 1D136<br>November 29, 2018 | Parties are discussing appropriate designations | 30:1523–32:1632 | Ruling reserved. |
| Tab 12<br>Session 1D136<br>November 29, 2018 | Parties are discussing appropriate designations | 33:1652–1690 | Ruling reserved. |

C.  **Defendant Andrews's Transcript Objections**

| Recording | Objection | Transcript Lines | Ruling |
|---|---|---|---|
| Session 1D83<br>July 10, 2017 | Hearsay as to Andrews | 14:47:45–14:50:14 | Overruled; admitted with limiting instruction. |
| Session 3525<br>August 1, 2017 | Hearsay as to Andrews | 0:31–0:49 | Ruling reserved. The Government has indicated it is considering not playing this tape. |
| Session 7441<br>October 24, 2017 | Completeness | 0:43 - end | Sustained; admitted. |
| Session 8146<br>November 16, 2017 | Hearsay as to Andrews | Entire transcript | Overruled; admitted with limiting instruction. |
| Session 10024<br>January 25, 2018 | Hearsay | Entire transcript | Overruled; admitted with limiting instruction. |
| Session 1D134<br>November 29, 2018 | Hearsay; Rule 701; Rule 403<br>Related motion: (Dkt. 248 at 5–8). | 8:12 - end (with agreed redactions) | Sustained; "You seem emotional sir" is excluded. (Dkt. 316). |
| Session 944<br>June 8, 2017 | Hearsay as to Andrews | Clip 1: 0:24–0:54;<br>Clip 2: 2:05–2:14 | Overruled; admitted with limiting instruction. |

12