IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | 19 CR 322 |
| ) | |
| EDWARD M. BURKE, PETER J. ) | Judge Virginia M. Kendall |
| ANDREWS, and CHARLES CUI, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

During trial, the Government intends to play portions of the November 29, 2018 recorded conversation between Defendant Charles Cui and FBI agents. The Government has excised four clips from the conversation. The Government has charged Cui with making false statements during this FBI interview, in violation of 18 U.S.C. § 1001(a)(2). (*See* Dkt. 30, Count 17). Specifically, the operative indictment charges three false statements by Cui, that (1) he "made no business offers to Burke during the pole signage matter"; (2) he "offered business to Burke 'just because he is a good tax appeal lawyer'"; and (3) "[t]he information Cui provided to federal agents during his interview was accurate to the best of his knowledge." (*Id.*) Cui seeks to introduce the excised clips of the recorded interview for completeness and context. On November 30, 2023, the Court heard argument on Cui's oral motion. Having reviewed the transcript, the Court grants Cui's motion.

In Cui's view, the additional clips provide important context to the FBI interview. Under Federal Rule of Evidence 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106; *see United States v. Ambrose*, 668 F.3d 943, 964 (7th Cir. 2012). This right is qualified. According to the doctrine of completeness, "a complete statement is required to be read or heard when 'it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *United States v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011) (quoting *United States v. Sweiss*, 814 F.2d 1208, 1211–12 (7th Cir. 1987)). "A statement admitted on 'completeness' grounds must be connected contextually to the previously introduced evidence, such that the exclusion of that statement is likely to create an incomplete, misleading, or distorted picture of the evidence." *United States v. Reese*, 666 F.3d 1007, 1019 (7th Cir. 2012) (quoting *United States v. Price*, 516 F.3d 597, 605 (7th Cir. 2008)). Yet, the doctrine does not "require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted" portions. *Lewis*, 641 F.3d at 785 (quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982)). Further, "a party cannot use the doctrine of completeness to circumvent Rule 803's exclusion of hearsay testimony." *United States v. Vargas*, 689 F.3d 867, 876 (7th Cir. 2012) (citing *Lewis*, 641 F.3d at 785).

Here, the four excised clips include the agents' initial contact with Cui and his responses to questions about his interactions with other alderpersons. Cui is correct in arguing that these clips provide context to his state of mind. Cui's mental state is highly relevant because Cui stands accused of knowingly making false statements during the interview. For example, the first portion of the interview—in which the agents start the conversation and explain their purpose in speaking to Cui—bears on Cui's mental state when he made all the allegedly false statements that followed. Cui's statements in the latter three excised portions also give context to the charged statements. In these clips, Cui explains a negative interaction he had with Alderman John Arena, insists that he had no illegal interactions with alderpersons, and then describes Alderman Arena in positive terms. All these clips are relevant to Cui's mental state when he made the allegedly false statement that his answers in the interview were "accurate to the best of his knowledge." (*See* Dkt. 30, Count 17). Thus, the four excised clips are relevant and give important context to the Government's admitted portions. *See Lewis*, 641 F.3d at 785; *see also United States v. Giles*, 246 F.3d 966, 974 (7th Cir. 2001) (observing that "[o]n a close evidentiary call . . . it's best to err on the side of inclusion rather than exclusion").

Moreover, the Court understands the entire recorded conversation to be around 40 minutes total, including the excised clips. Those clips add only 15 minutes. Thus, playing the additional clips will not delay the trial or burden the jury. *Compare United States v. Lewis*, 954 F.2d 1386, 1392 (7th Cir. 1992) ("We might have admitted the statement [under Rule 106] because (1) the amount of time required to admit it would be negligible, [and] (2) it would not have blunted the government's case due to its brevity . . . ."), *with United States v. D'Arco*, 1991 WL 235930, at *1 (N.D. Ill. Oct. 2, 1991) (denying defendant's "blanket" request to introduce 550 additional transcript pages—including "many mundane and irrelevant matters"—to give context to the government's 250 pages).

Although the Government believes that some of Cui's statements in the excised clips are self-serving, it is free to make that argument to the jury. The Government contends further that Cui is attempting to sneak in his out-of-court statements during the excised clips for the truth of the matters asserted. That concern is strongest with respect to the clips in which Cui denied having any illegal interactions with alderpersons. Rather than exclusion, however, a limiting instruction is the proper remedy. *See United States v. Wright*, 722 F.3d 1064, 1067–68 (7th Cir. 2013). To ensure that the jury considers Cui's statements for the context they provide to other admissible statements—and not for their truth—the Court invites the Government to propose a "concrete and understandable" limiting instruction. *See id.* at 1068. Accordingly, Cui's motion to admit the excised portions of his FBI interview is granted.

_____
Virginia M. Kendall
United States District Judge

Date: December 7, 2023